NOT DESIGNATED FOR PUBLICATION

No. 112,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN JOSEPH SCHMIDT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed March 2, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Curtis Brown*, special prosecutor, of Hays, *Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MCANANY and ATCHESON, JJ.


PER CURIAM: Brian Joseph Schmidt appeals his conviction for driving under the influence of alcohol. At issue is whether his breath test was constitutional under the search-incident-to-arrest exception to the search warrant requirement of the Fourth Amendment to the United States Constitution after *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). We hold that the breath test was a permissible search incident to arrest. We also hold the breath test was admissible under the good-faith exception to the exclusionary rule.

1

On August 24, 2012, a Hays police officer noticed a Chevy Tahoe being driven without a working passenger-side stop lamp. Schmidt was the driver. After stopping the Tahoe, the officer arrested Schmidt for driving under the influence and transported him to the Law Enforcement Center. He was given the implied consent advisories, both orally and in writing through the use of the DC-70 form. The advisories notified Schmidt that his refusal to submit to testing could result in a separate criminal prosecution against him in certain circumstances. Schmidt agreed to a breath test. The test results exceeded the legal limit. Schmidt was charged with one count of driving under the influence of alcohol in violation of K.S.A. 2012 Supp. 8-1567 and one count of driving with a nonfunctioning stop lamp in violation of K.S.A. 8-1708.

Schmidt moved to suppress the results of the breath-alcohol test on the grounds that his consent to testing was coerced and no other exception to the warrantless search applied. The district court denied Schmidt's motion to suppress and found him guilty on stipulated facts. The court suspended his 120-day jail sentence, placed him on probation, and ordered him to serve five consecutive days in jail. He appeals to this court.

While this appeal was pending, the Kansas Supreme Court struck down portions of the Kansas implied-consent law. The court held that K.S.A. 2014 Supp. 8-1025 was facially unconstitutional because punishing an individual for withdrawing his or her consent to search violated the fundamental right to be free from an unreasonable search. Further, it was not narrowly tailored to serve the State's interests. *State v. Ryce*, 303 Kan. 899, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*). On the same day, our Supreme Court affirmed the suppression of a defendant's breath-alcohol test result in a case similar to this one. The court determined the test resulted from involuntary consent because under the Kansas implied-consent law, the defendant was informed that she might be charged with a separate crime for refusing to submit to a breath-alcohol test and, in light of *Ryce I*, the State could not have

constitutionally imposed criminal penalties if the defendant refused the test. Therefore, the defendant's consent was obtained by means of an inaccurate and coercive advisement. *State v. Nece*, 303 Kan. 888, 889, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

Shortly thereafter, the United States Supreme Court went further and held in a similar case that drivers cannot be deemed to have consented to a blood-alcohol content test on the threat of a charge of a criminal offense for refusal. But the Court held that warrantless *breath* tests are permitted under another exception to the warrant requirement—as a search incident to arrest. *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016).

After *Birchfield*, the Kansas Supreme Court reheard and reaffirmed *Ryce I* and *Nece I*. The court modified its *Ryce I* decision "to reflect the validity of conducting a *breath* test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest," but the court reaffirmed its original holding that K.S.A. 2016 Supp. 8-1025 was unconstitutional based on its interpretation of the Kansas statute. 306 Kan. at 693, 698-99. In *Nece II*, the court reaffirmed that Nece's consent to the warrantless breath test was involuntary. But the court did not further analyze whether the search was lawful under the search-incident-to-arrest exception to the warrant requirement. 306 Kan. at 680-81.

In its present factual and legal posture, this case presents precisely the same controlling issues that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶¶ 5-6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* persuasive. Therefore, we affirm the district court's denial of Schmidt's motion to suppress because the breathalyzer test was a constitutionally proper warrantless search incident to his arrest and, alternatively, the arresting officer relied in good faith on K.S.A.

3

2012 Supp. 8-1025 before it was declared unconstitutional, to inform Schmidt about the legal consequences of declining to take the test.

The district court was correct to deny Schmidt's motion to suppress, albeit for the wrong reason. If a district court reaches the correct result, its decision may be upheld even though it relied upon the wrong ground. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). The breath test here was constitutional as a search incident to arrest. Alternatively, the breath test result was admissible under the good-faith exception to the exclusionary rule.

Schmidt's conviction is affirmed.

\* \* \*

ATCHESON, J., concurring:  For the reasons set out in my concurring opinion in *State v. Perkins*, 55 Kan. App. 2d ___, slip op. at 14-19 (No. 112,449, this day decided) (Atcheson, J., concurring), I would affirm the Ellis County District Court's ruling on the motion to suppress based solely on the good-faith exception to the exclusionary rule applicable to violations of the Fourth Amendment to the United States Constitution. That alone is sufficient to uphold the district court in all respects.